NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MATTHEW MARSHALL PALMER, *Appellant.*

No. 1 CA-CR 21-0224
FILED 3-17-2022

Appeal from the Superior Court in Mohave County
No. S8015CR201601378
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

---

H O W E, Judge:

¶1        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Matthew Marshall Palmer has advised this court that he has found no arguable questions of law and asks us to search the record for fundamental error. Palmer was convicted of misconduct involving weapons, a class four felony, as a class three repetitive offender on felony release. He had an opportunity to file a supplemental brief in propria persona but did not do so. After reviewing the record, we affirm Palmer's convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

¶2        We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Palmer. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998). In September 2016, Palmer and a friend went to K.H.'s home to test drive and buy a Ford Mustang. When Palmer returned from the test drive, he pulled a green duffel bag containing a shotgun out of the trunk and brought the bag into K.H.'s home. As the parties negotiated the vehicle's price, another vehicle sped into the carport and parked behind the Mustang. K.H. stepped out to investigate and saw B.R. exit the vehicle and rush to the home, stating that he would kill Palmer. A struggle inside the home ensued and Palmer shot B.R. in the right arm with the shotgun. Afterwards, doctors amputated B.R.'s arm.

¶3        A grand jury charged Palmer with two counts of aggravated assault and one count of weapons misconduct for being in possession of a firearm as a prohibited possessor. At trial, the detective who interviewed Palmer testified and the court admitted a redacted interview. Palmer confessed that he took the shotgun from his father's home because although he and B.R. had been friends, he and his father fell out with B.R. because B.R. had shot at Palmer's wife. He also stated that he did not instigate the incident because B.R. had also previously stabbed him. As to the shooting, he said that he and B.R. had wrestled over the shotgun and that he shot B.R.

A justification instruction was given and the jury found Palmer not guilty of the two counts of aggravated assault but found him guilty for misconduct of weapons as a prohibited possessor.

**¶4** In a bifurcated trial, the jury found that Palmer had committed the offense while on felony release. At sentencing, the State provided evidence of prior felony convictions. The trial court found that Palmer was a category three repeat offender and sentenced him to the presumptive ten years for the misconduct involving weapons conviction and another two years for committing the crime while on felony release to run consecutive to each other and consecutive to sentences imposed in two other cases. After the court granted post-conviction relief to allow a delayed appeal, Palmer timely filed his notice of delayed appeal.

## DISCUSSION

**¶5** We review Palmer's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). Counsel for Palmer has advised this court that after a diligent search of the entire record, he has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. The record reflects that the superior court afforded Palmer his constitutional and statutory rights and that all the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and the Rules of Evidence for Courts in the State of Arizona. Palmer was represented by counsel through trial and sentencing. The sentence imposed was within the statutory guidelines. We decline to order more briefing and affirm Palmer's conviction and sentence.

**¶6** Upon the filing of this decision, defense counsel shall inform Palmer of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Palmer shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

**CONCLUSION**

¶7          For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA